# STEWART LEE KARLIN LAW GROUP, P.C.
**111 John Street, 22nd Floor**
**New York, New York 10038**
**(212) 792-9670/Office**
**(844) 636-1021/Fax**
**slk@stewartkarlin.com**

November 5, 2025

**Via ECF**
Honorable Judge Peggy Kuo
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   ***Rothschild v. NYC DOE***
            **Case No.: 25-cv-01684 (ENV)(PK)**

Dear Honorable Judge Kuo:

This office represents the Plaintiff Deborah Rothschild in the above-referenced matter. In accordance with this Court's Individual Motion Practice rules, Plaintiff writes in opposition to Defendant's request a pre-motion conference.

The Amended Complaint alleges that Plaintiff (a speech pathologist)  was punished by her employer (the NYCDOE) because of her congenital medical condition and religious beliefs which prohibited her from getting vaccinated with the COVID-19 vaccine, and was never given any accommodation by her employer, in direct violation of State and Federal Laws, 42 U.S.C. 1983, and the First and Fourteenth Amendments to the United States Constitution. Plaintiff was placed on leave without pay and subsequently terminated in September 2022. Thereafter, Defendant flagged her fingerprints by secretly placing her on the Ineligible/Inquiry or "no hire" Problem Code List without any information on how to remove her name from this list or that her personal information was coded in the first place. As a result of the secret problem code, Plaintiff was unemployable in the education field in New York City and the surrounding suburbs.

**A.      Plaintiff's Claims Are Not Precluded by Res Judicata and Collateral Estoppel**

At the outset, the LWOP procedure for determining who could get a religious accommodation was thrown out as "constitutionally infirm" by the Second Circuit—*Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021). Furthermore, the Plaintiff is not precluded, as conceded by the Defendant, since she lacked standing and thus could not have raised her individual claims in that case.

**B.      Plaintiff Did Not Waive Her Rights to Bring This Suit**

The waiver only covered the portion of her pay that was unpaid and did not cover her request for a religious and medical exemption in August 2022, nor did it address her subsequent termination in September 2022.  Moreover, in *Wiesel v. Department of Education of the City of New York* Index No. 538072/2022 (Sup Kings County July 10, 2025) held that an application in August 2022 would be considered a new request and that the issue of the waiver was voided because it was executed under

1

duress because her health insurance would have lapsed and her opposition indicates that she did not have ample time to review the document; nor was she able to have it reviewed by her union, prior to signing it. Thus, the waiver was not upheld because it was not entered into voluntarily.

**C.      Plaintiff's Claims Are Not Time-Barred**

Plaintiff was not terminated until September 2022, well within the three-year statute of limitations.

**D.      Plaintiff's Second and Third Claims for Relief Plausibly State a Claim for Relief**

To set forth a prima facie case for First Amendment retaliation under Section 1983, Plaintiff must allege that (1) her right to her religious beliefs were denied to her; (2) she suffered an adverse employment action; and (3) a causal relationship between the two existed in that his religion/religious beliefs was a substantial or motivating factor for the adverse employment action—*Gronowski v. Spencer*, 424 F.3d 285 (2d Cir. 2005). Plaintiff properly made those allegations in her Complaint. To prevail on a Free Exercise Clause claim, a plaintiff must plead that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose…is the suppression of religion or religious conduct.'" *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 533 (1993). In the case at hand, the vaccine mandate as applied to Plaintiff has pleaded that she was not allowed to practice her religion because she was not granted a religious accommodation. In fact, her religious beliefs were not even considered. The Supreme Court recently held that showing more than a de minimis cost is no longer sufficient to qualify as undue hardship under Title VII. Instead, the Court clarified that Title VII requires an employer that denies a religious accommodation to show that the burden of granting the religious accommodation would result in "substantial increased costs in relation to the conduct of its particular business." The Court's decision included a review of, among other things, ordinary meaning. This standard should apply equally to the First Amendment.  Here, Plaintiff should have been granted religious accommodation, or at the very least, a meaningful review to determine if Plaintiff was to be allowed the accommodation should have occurred.  Put simply, Plaintiff was provided with no choice and no rationale as to why her request was denied. There was no effort whatsoever in at least trying to accommodate Plaintiff, nor was there any consideration of her firmly held religious beliefs. As a consequence, Plaintiff was terminated because she held those views that were significantly more important than her job. Plaintiff has pleaded that (1) she held a bona fide religious belief conflicting with an employment requirement; (2) she informed her employer of this belief; and (3) she was disciplined for failure to comply with the conflicting employment requirement." See *Baker v. Home Depot,* 445 F.3d 541, 546 (2d. Cir. 2006). While an employer is not required to offer accommodations if it constitutes an undue hardship, an employer should at the very least engage in the interactive process, which in this case, the Defendant did not. *Ansonia Bd. of Ed. v. Philbrook,* 479 U.S. 60, *Greenbaum v. N.Y. City Transit Auth.,* 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. 2022). In this preliminary stage, Plaintiff has satisfied her burden as she has pleaded how she has been subjected to discrimination due to her religion and religious beliefs without any accommodation, which has caused her termination and ultimately her inability to work.

**E.      Plaintiff Has Pleaded a Plausible Due Process Claim**

Plaintiff was also placed on the 'Problem Code' at the Human Resources Office of Personnel Investigations. This means that Defendants placed her fingerprints in a database at the Office of Personnel Investigations. The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or were found to be incompetent. Therefore, the New York City Department of Education has considered Plaintiff's failure to get vaccinated as 'misconduct', which means that Plaintiff is unemployable in education. As the 'Problem Code' is used for employees who have committed what the New York City Department of Education

considers misconduct or incompetence, Plaintiff has been stigmatized without a name-clearing hearing on the matter.

Plaintiff, a stellar employee with no disciplinary actions, now has her fingerprints flagged by a Problem Code, which means her career is forever tainted by a "misconduct" charge. The Code also blocked her from ever getting a job outside of the DOE in New York City due to the stigma now attached to her file, solely because of her religious beliefs. Having a problem code means that if the Plaintiff is nominated for any position, even in the private sector, she must undergo a background check through the PETS system, which will render her ineligible, even for most private schools and vendors in New York City.

To state a claim of stigma plus, a plaintiff must allege "(1) an injury to one's reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus); (3) absence of adequate process." See *Xu v. City of New York,* 2020 U.S. Dist. LEXIS 250821, *75-76 (S.D.N.Y. 2020); quoting *Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006). To demonstrate stigma, a plaintiff must satisfy a three-prong test. Being placed on such a list, which, to her knowledge, is still on the list, without the Defendant at least affording a hearing, violates Plaintiff's due process rights. Here, there is an implied allegation of impropriety and illegality on the part of Plaintiff that seriously impugned her professional reputation and adversely reflected on her record, and that her ability to find similar employment within her chosen profession has been substantially impaired by the Defendant. *Board of Regents v Roth*, 408 U.S. 564, 573; *Bishop v Wood*, 426 U.S. 341, 348.

## F.        Plaintiff Has Pleaded a Plausible Equal Protection Claim

Plaintiff has pleaded a claim under the Equal Protection Clause of the Fourteenth Amendment by pleading that Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment." To maintain an Equal Protection claim, a plaintiff must "show adverse treatment of individuals compared with other similarly situated individuals and that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Miner v. Clinton County,* 541 F.3d 464, 474 (2d Cir. 2008). In this preliminary stage, the allegations of the contested pleading should be liberally construed in the light most favorable to that pleading (*Cohn v. Lionel Corp.,* 21 N.Y.2d 559, 289 N.Y.S.2d 404, 236 N.E.2d 634 In the case at hand, Plaintiff properly pleaded that she was treated differently.  The DOE granted exemptions to other employees, allowing them to work remotely. The DOE did not explain the reasons why Plaintiff's religious exemption as an Orthodox Jew was not legitimate and did not provide Plaintiff with any options or rationale for the denial. Therefore, viewed in the light most favorable to the Plaintiff, she pleaded a claim under the equal protection clause, and the motion to dismiss should be denied.

For the foregoing reasons, Defendant's premotion application should be denied.

Sincerely,

*s/ Stewart Lee Katlin*
Stewart Lee Karlin, Esq.

cc: Andrea Maria Martin, ACC via ECF

3