25-CV-01684 (ENV)(PK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBORAH ROTHSCHILD,

Plaintiff,

- against -

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, MELISSA AVILES-RAMOS individually and as Chancellor of the Department of Education of the City of New York, and KATHERINE RODI individually and as Director of Employee Relations and Office of Professional Investigations,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*STEVEN BANKS*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Andrea M. Martin*
*Tel:  (212) 356-3549*
*Matter No. 2025-040319*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 3

      A.  DOE Vaccine Mandate ......................................................... 3

      B.  Plaintiff's Requests for an Exemption to the Vaccine Mandate ........................................................................ 5

STANDARD OF REVIEW ......................................................................................... 6

ARGUMENT

      POINT I

          PLAINTIFF WAIVED HER RIGHTS TO BRING THIS SUIT ............................................................................... 7

      POINT II

          PLAINTIFF'S CLAIMS ARE PRECLUDED BY COLLATERAL ESTOPPEL ................................................... 11

      POINT III

          ANY CLAIMS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS MUST BE DISMISSED ................................ 12

      POINT IV

          PLAINTIFF'S CLAIMS ARE TIME-BARRED ..................................... 13

      POINT V

          PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST AMENDMENT/FREE EXERCISE CLAUSE .................................................................................... 13

      POINT VI

          PLAINTIFF FAILS TO STATE A SELECTIVE ENFORCEMENT OR EQUAL PROTECTION CLAIM .................................................................................... 14

POINT VII

    PLAINTIFF FAILS TO STATE A DUE PROCESS
CLAIM .................................................................................... 16

POINT VIII

    PLAINTIFF FAILS TO STATE A "STIGMA-
PLUS" DUE PROCESS CLAIM ............................................... 17

    A.    Defendants' Statements Were Neither False Nor
Stigmatizing ................................................................... 18

    B.    Defendants' Statements Were Not Published .................................. 19

POINT IX

    PLAINTIFF'S CLAIMS UNDER STATE LAW
FAIL ...................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

Adams v. N.Y. State Educ. Dep't,
    752 F. Supp. 2d 420 (S.D.N.Y. 2010)................................................................19

Albert v. Carovano,
    851 F.2d 561 (2d Cir. 1988)......................................................................15

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...........................................................................6, 19

Bar-Levy v. Gerow,
    No. 18-CV-9454 (NSR),
    2020 U.S. Dist. LEXIS 28596 (S.D.N.Y. 2020)........................................15

Bd of Regents v. Roth,
    408 U.S. 564 (1972)........................................................................16, 18

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..........................................................................6, 19

Bishop v. Best Buy, Co.,
    No. 08-CV-8427,
    2010 U.S. Dist. LEXIS 110631 (S.D.N.Y. Oct. 31, 2010) ........................15

Blair v. L.I. Child & Family Dev. Servs.,
    2017 U.S. Dist. LEXIS 14177 (E.D.N.Y. Jan. 31, 2017) ........................13

Booth v. 3669 Delaware, Inc.,
    92 N.Y.2d 934 (N.Y. 1998) ...........................................................7

C.F. v. N.Y.C. Dep't of Health & Mental Hygiene,
    191 A.D.3d 52 (2d Dept. 2020) ....................................................17

Carew v. Baker,
    175 A.D.3d 1379 (2d Dept. 2019) ...............................................7, 8

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)..........................................................3

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
    508 U.S. 520 (1993)....................................................................14

Clarke v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    213 A.D.3d 548 (1st Dept. 2023)....................................................9

**Cases**                                                                                                                          **Pages**

Colon v. Coughlin,
    58 F.3d 865 (2d Cir. 1995)............................................................................................12

Coughlin v. N.Y. State Unified Ct. Sys.,
    2023 U.S. Dist. LEXIS 192576 (E.D.N.Y. 2023)......................................................14

Doe v. Zucker,
    520 F. Supp. 3d 218 (N.D.N.Y. 2021)........................................................................17

Donato v. Plainview-Old Bethpage Sch. Dist.,
    96 F.3d 623 (2d Cir. 1996)....................................................................................18, 19

D.F. ex rel. Finkle v. Bd. of Educ. of Syosset Cent. Sch. Dist.,
    386 F. Supp. 2d 119 (E.D.N.Y. 2005),
    aff'd sub nom. D.F. v. Bd. of Educ. of Syosset Cent. Sch. Dist.,
    180 F. App'x 232 (2d Cir. 2006) ...............................................................................15

Forman v. Forman,
    211 A.D.3d 698 (2d Dept. 2022) ..................................................................................9

Fugelsang v. Dep't of Educ. of N.Y.C.,
    No. 23-CV-8332 (LDH),
    2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. Mar. 31, 2025)........................................20

Golubovych v. Saks 5th Ave., Inc.,
    2024 U.S. Dist. LEXIS 162172 (S.D.N.Y. Sept. 10, 2024)......................................11

Green v. Dept. of Educ.,
    No. 18-CV-10817 (AT),
    2019 U.S. Dist. LEXIS 127545 (S.D.N.Y. 2019)......................................................20

Gyabaah v. Rivlab Transp. Corp.,
    102 A.D.3d 451 (1st Dept. 2013)..................................................................................8

Halkias v. New York City Dep't of Educ.,
    Index No. 700285/2023, 2024 N.Y. Misc. LEXIS 19381
    (Sup. Ct., Queens Cnty. Aug. 2, 2024) ......................................................................10

Hu v. City of New York,
    927 F.3d 81 (2d Cir. 2019)..........................................................................................15

Ivasyuk v. Raglan,
    197 A.D.3d 635 (2nd Dept. 2021) ................................................................................7

Jacobson in Phillips v. City of New York,
    775 F.3d 538 (2d Cir. 2015).........................................................................................16

**<u>Cases</u>** **<u>Pages</u>**

Jacobson v. Massachusetts,
     197 U.S. 11 (1905)..................................................................................................16

Kaminsky v. Gamache,
     298 A.D.2d 361 (2nd Dept. 2002) .........................................................................7

Kane v. De Blasio,
     19 F.4th 152 (2d Cir. 2021) ....................................................................14, 15, 16

Matter of Khan v. N.Y.C. Health & Hosps. Corp.,
     2016 NY Slip Op 08010, 144 A.D.3d 600,
     43 N.Y.S.3d 271 (App. Div. 1st Dept.)..................................................................12

Kola v. City of N.Y.,
     2026 NY Slip Op 00194 (App. Div. 1st Dept.) .....................................................12

Lopes v. City of N.Y., No. 22-CV-08271-LTS,
     2024 U.S. Dist. LEXIS 154150 (S.D.N.Y. Aug. 27, 2024)................................14, 15

Lore v. City of Syracuse,
     670 F.3d 127 ..........................................................................................................12

Lucente v. IBM,
     310 F.3d 243 (2d Cir. 2002).....................................................................................2

Mangini v. McClurg,
     24 N.Y.2d 556 (1969) ..............................................................................................7

Maniscalco v. N.Y.C. Dep't of Educ.,
     563 F. Supp. 3d 33 (E.D.N.Y. 2021) ................................................................17, 18

Meyer v. Nebraska,
     262 U.S. 390 (1923)................................................................................................16

Miraglia v. N.Y.C. Dept. of Educ.,
     Index No. 85062/2024 ............................................................................................12

Mlynarski v. The Dep't of Educ. of the City of New York,
     Index No. 157525/2022 ..........................................................................................10

Montgomery v. Orange Cnty.,
     No. 25-180, 2025 WL 2924978 (2d Cir. Oct. 15, 2025)........................................12

N.Y.C. Mun. Labor Comm. v. City of N.Y.,
     73 Misc. 3d 621 (Sup. Ct. NY Cnty. 2021) ...........................................................17

**Cases**                                                                      **Pages**

O'Connor v Pierson,
    426 F.3d 187 (2d Cir. 2005)...........................................................................19

O'Reilly v. Bd. of Educ.,
    42 N.Y.3d 986 (2024) ...................................................................................21

O'Reilly v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
    213 A.D.3d 560 (1st Dept. 2023).....................................................................9

Okwedy v. Molinari,
    69 Fed. Appx. 482 (2d Cir. 2003)...................................................................14

Owens v. Okure,
    488 U.S. 235, 109 S. Ct. 573 (1989)...............................................................13

Parker v. Blauvelt Volunteer Fire Co.,
    93 N.Y.2d 343, 690 N.Y.S.2d 478,
    712 N.E.2d 647 (1999)...................................................................................11

Picinich v. N.Y.C. Dep't of Educ.,
    No. 16-CV-844 (CBA) (LB),
    2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. July 11, 2018)..........................15

Pisani v. Westchester County Health Care Corp.,
    424 F. Supp. 2d 710 (S.D.N.Y. 2006)............................................................18

Richardson v. Farina,
    2017 U.S. Dist. LEXIS 26280 (S.D.N.Y. Feb. 23, 2017)............................19

Rio v. Rio,
    110 A.D.3d 1051,1054 (2d Dept. 2013) ...........................................................9

Rosenthal v. Roosevelt Island Operating Corp.,
    2023 NY Slip Op 06103, 221 A.D.3d 551,
    200 N.Y.S.3d 341 (App. Div. 1st Dept.).......................................................12

Ryan v. N.Y. Tel. Co.,
    62 N.Y.2d 494, 478 N.Y.S.2d 823,
    467 N.E.2d 487 (1984)...................................................................................11

Segal v. City of New York,
    459 F.3d 207 (2d Cir. 2006)......................................................................17, 18

Sharpe v. City of New York,
    2013 U.S. Dist. LEXIS 75094 (E.D.N.Y. May 29, 2013),
    aff'd, 560 F. App'x 78 (2d Cir. 2014)............................................................18

**Cases**                                                                                                                     **Pages**

Sullivan v. Board of Educ. of the City Sch. Dist. of the City of N.Y.,
     2023 N.Y. Misc. LEXIS 2468 (Sup. Ct. N.Y. Cnty, May 17, 2023)........................................10

Thomas H. v. Paul B.,
     18 N.Y.3d 580 (2012) ........................................................................................................18

Vega v. Lantz,
     596 F.3d 77 (2d Cir. 2010)..................................................................................................17

**Statutes**

42 U.S.C. § 1983............................................................................................1, 11, 13, 18, 19, 21

CPLR 7511....................................................................................................................................9

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 2, 6

N.Y. Educ. Law § 3020 ............................................................................................................20, 21

N.Y. Educ. Law § 3020-a .........................................................................................................2, 20

**PRELIMINARY STATEMENT**

Plaintiff Deborah Rothschild ("Plaintiff"), is a former employee of the Department of Education of the City of New York ("DOE"), who chose, while employed by the DOE, to refuse COVID-19 vaccination, and now refuses to accept the lawful consequences of that choice. Plaintiff commenced this action on March 26, 2025. Thereafter Plaintiff filed an Amended Complaint on September 4, 2025, bringing claims against DOE, Melissa Aviles-Ramos, and Katherine Rodi (collectively, "Defendants") alleging that by placing her on leave without pay ("LWOP") due to her failure to comply with the COVID-19 vaccine mandate applicable to employees of the DOE ("Vaccine Mandate"), Defendants "deprived [her] of her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment to the United States Constitution;" and, in allegedly selectively treating her differently from other DOE employees, Defendants acted "with malicious or bad faith to injure Plaintiff." Plaintiff further alleges religious discrimination and a failure to accommodate under 42 U.S.C. §1983 applying the First Amendment and Fourteenth Amendments.

Defendants respectfully submit this memorandum of law in support of their motion to dismiss the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that the Complaint is barred by waiver and release, and because Plaintiff fails to state a cause of action upon which relief may be granted.

As a preliminary matter, Plaintiff's claims are precluded by res judicata and collateral estoppel and, furthermore, are time-barred. Second, any claims against Melissa Aviles-Ramos and Katherine Rodi must be dismissed as the Complaint contains no allegations of their personal involvement in the conduct at issue. Third, Plaintiff waived her rights to bring this suit when she released Defendants from the claims she brings here pursuant to a waiver that Plaintiff, herself, signed.  Fourth, Plaintiff's Free Exercise claims must be dismissed, as Courts have already ruled that the COVID-19 vaccine mandate applicable to DOE employees is facially neutral and

supported by a rational basis. Fifth, Plaintiff's Fourteenth Amendment claims similarly fail, as it is well established that vaccine requirements are within the State's police power. Sixth, Plaintiff's Selective Enforcement or Equal Protection Claims fail as she has failed to demonstrate that there is no rational basis for the difference in treatment between her and other municipal employees. Despite her claims to the contrary, Plaintiff was not entitled to a hearing under N.Y. Educ. Law Section 3020-a, because as it pertains to the alleged conduct, Plaintiff was afforded all of the process she was due. Finally, to the extent Plaintiff asserts that she was deprived of a liberty interest in her reputation without due process - otherwise known as a "stigma-plus" claim - she fails to do so as the Amended Complaint is devoid of any factual allegations that Defendants statements were false or shared outside of DOE.

This suit joins the litany of lawsuits challenging the validity and constitutionality of the COVID-19 vaccine mandates, though the Second Circuit has already found the Vaccine Mandate to be both lawful and enforceable. As such, Defendants now move to dismiss the Complaint in its entirety, with prejudice[1], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] As discussed *infra*, the instant case involves legal issues that have been conclusively settled. Because Plaintiff has not, and indeed, cannot, state viable claims arising from these facts, leave to amend would be futile. Courts have held that it is not an abuse of discretion to deny leave to amend where it appears that granting leave to amend is unlikely to be productive. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002).

2

**STATEMENT OF FACTS**[2]

### A.      DOE Vaccine Mandate

On August 24, 2021, former Mayor Bill de Blasio and then-Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dr. Dave Chokshi, announced that DOE employees would be subject to a "vaccine only" mandate, as opposed to a "vaccination-or-testing" requirement, as described thereafter in the Commissioner of Health Order ("Vaccine Mandate"). Under this policy, DOE employees were required to submit proof to the DOE by September 27, 2021 that they were fully vaccinated against COVID-19; or had received a single dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter. Id.

On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the Vaccine Mandate. See UFT Declaration of Impasse annexed to the Declaration of Andrea M. Martin ("Martin Decl.") as Exhibit B. PERB then appointed an arbitrator, and several days of mediation sessions were held. Id. On September 10, 2021, the arbitrator issued a decision ("Arbitration Award") which established: (1) a process for Vaccine Mandate exemption and accommodation requests for DOE employees; (2) options for DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP"), which would be available for employees who

---

[2] This statement of facts is derived from the allegations in the amended complaint. Plaintiff's factual allegations are assume to be true only for the purposes of this motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)(court resolving motion to dismiss may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action). Defendants rely upon the exhibits annexed to the Declaration of Assistant Corporation Counsel Andrea M. Martin in Support of Defendants' Motion to Dismiss the Complaint, dated March 27, 2026 ("Martin Decl."), which are documents integral to the claims and upon which Plaintiff relied in bringing this action.

chose to not comply with the Vaccine Mandate; and, (3) that the DOE could "unilaterally separate employees" who had not complied with the Vaccine Mandate or did not have an approved exemption or accommodation, and had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Arbitration Award. The Arbitration Award further set forth the requirement that all accommodation requests to be considered as part of the process established therein for religious and medical exemptions had to be submitted no later than 5:00p.m. on September 20, 2021. See Martin F. Scheinman Arbitration Award annexed to the Martin Decl. as Exhibit C, at 6-13.

The process established by the Arbitration Award applied to medical and religious exemption requests, as well as to accommodation requests for those DOE employees who, having received a full course of vaccination, remained unable to mount an immune response. Id. It also set forth that employees who had not requested an exemption, or whose request has been denied, would be placed on LWOP by the DOE starting September 28, 2021. Id. at 13. While on LWOP, employees continued to be eligible for health insurance. Id. at 15.

The Arbitration Award also set forth a process for separation from DOE employment with enhanced payment of accrued paid time off, or extension of LWOP with health benefits. Id. DOE employees who did not comply with the Vaccine Mandate could have opted to either separate from service by October 29, 2021 and receive enhanced payment of accrued paid time off and remain eligible for health insurance through September 5, 2022, unless they were eligible for health insurance from another source, or as an alternative option, employees could have elected, by November 30, 2021, to extend their LWOP through September 5, 2022 and maintain health coverage. Id. at 16-17. Those employees who chose to extend their LWOP and ultimately did not comply with the Vaccine Mandate by the end of the leave period were deemed to have voluntarily

4

resigned.  Id.  In addition, the Arbitration Award provided that starting on December 1, 2021, DOE could unilaterally separate employees who remained out of compliance with the Vaccine Mandate and had not applied for either the extended leave or separation.  Id.

**B.    Plaintiff's Requests for an Exemption to the Vaccine Mandate**

Plaintiff is a teacher formerly employed by the DOE, whose employment was terminated on September 16, 2022, in accordance with the Arbitration Award, due to her failure to comply with the COVID-19 Vaccine Mandate applicable to DOE Employees. The Amended Complaint alleges that Plaintiff, "an observant Jew", had "sincere religious beliefs that taking the mRNA COVID-19 vaccine conflicts with core Jewish principles." See Am. Compl ¶ 20. Plaintiff alleges that on September 19, 2021, she applied for both religious and medical exemptions to the Vaccine Mandate. Id. ¶ 16-19. Plaintiff alleges that she was denied both exemptions on September 22, 2021 and October 6, 2021, respectively. Id. ¶¶ 21, 23. On November 19, 2021, Plaintiff was advised that she could appeal the denial of her medical and religious exemption. Id. ¶ 25. Plaintiff's appeal was denied on February 15, 2022. Id. ¶ 27.

On February 18, 2022, Plaintiff was placed on LWOP. Id. ¶ 28. On August 16, 2022, Plaintiff resubmitted her request for religious exemption and applied for a medical exemption due to "chronic medical conditions that include a genetic mutation MTHFR disorder and elevated homocysteine levels." Id. ¶ 29. Defendants did not respond to this additional request for a medical exemption. Id. ¶ 30. On September 16, 2022, Plaintiff was terminated. Id. ¶ 31. Plaintiff alleges that in November 2022 she allegedly "became aware that her fingerprints were tagged in the New York City Department of Education's 'Problem Code' at the Human Resources' Office of Personnel Investigations but was never told the reason for the problem code." Id. ¶ 32.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts adequate "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In Iqbal, the Supreme Court explained the plausibility standard by stating that, where a complaint pleads facts that are merely consistent with a defendant's liability "without some further factual enhancement[,] it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 697 (quoting Twombly, 550 U.S. at 557). That is, the facts set forth in the complaint "must be enough to raise a right to relief above the speculative level," and a party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted).

A complaint fails to state a claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Iqbal, 555 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Unless a plaintiff's well-pleaded allegations of fact have 'nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed.'" In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." Iqbal, 556 U.S. at 662, (citing Twombly, 550 U.S. at 555). Likewise, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

6

## ARGUMENT

### POINT I

### PLAINTIFF WAIVED HER RIGHTS TO BRING THIS SUIT

Following the denial of her religious and medical accommodation requests, Plaintiff entered into an agreement with the DOE, whereby she released all claims against DOE when she signed a waiver extending her unpaid leave with benefits. See Martin Decl., Exhibit A. As such, claims asserted by Plaintiff in the instant matter must be dismissed.

Pursuant to the Waiver, Plaintiff agreed to the following:

> "I understand that I have the right to return to employment at any time prior to September 6, 2022, if I provide to the DOE documentation that I have complied with the Commissioner of Health's order regarding vaccination of NYC Department of Education employees and inform the DOE that I seek to return before September 6, 2022. In exchange for the right to return and extended health benefits as set forth herein, I agree to waive and release the DOE and any of its present or former employees or agents (collectively the "Released Parties"), from any and all claims, liabilities, or causes of action which were or could have been asserted by me against any of the Released Parties based upon anything that has happened up to now and including the date of the execution of this Attestation, including, but not limited to, any right or claim that may exist or arise up to and including the date that this Attestation is signed."

The State of New York has a "public policy favoring enforcement of settlements." Booth v. 3669 Delaware, Inc., 92 N.Y.2d 934, 935 (N.Y. 1998). "Where, as here, the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties." Id.; see also Ivasyuk v. Raglan, 197 A.D.3d 635, 636-37 (2nd Dept. 2021) (quoting Booth, 92 N.Y.2d at 935)).

It is well settled that in New York, "a release is a contract, and its construction is governed by contract law." Carew v. Baker, 175 A.D.3d 1379, 1380 (2d Dept. 2019) (quoting Kaminsky v. Gamache, 298 A.D.2d 361, 361 (2nd Dept. 2002)); see also Mangini v. McClurg, 24 N.Y.2d 556,

562 (1969) (a "general release is governed by principles of contract law"), accord Gyabaah v. Rivlab Transp. Corp., 102 A.D.3d 451, 451-52 (1st Dept. 2013). Furthermore, "a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release" although "a release may be invalidated, however, for any of the traditional bases for setting aside written agreements, namely, duress, fraud, or mutual mistake." Carew, 175 A.D.3d. at 1381. However, it is the burden of "the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release." Id. Plaintiff cannot meet that burden here.

As a preliminary matter, it should be noted that the content of the waiver was set out by the Martin F. Scheinman Impact Arbitration Decision. See Martin Decl., Exh. C, at 17. Therefore, as detailed herein, Plaintiff lacks standing to challenge the waiver. See id. Specifically, the Arbitration Award held that:

> During the period of November 1, 2021, through November 30, 2021, any employee who is on leave without pay due to vaccination status may alternatively opt to extend the leave through September 5, 2022. In order to extend this leave pursuant to this Section, and continue to receive the commensurate benefits, an employee must file a form created by the DOE which includes a waiver of the employee's rights to challenge the employee's voluntary resignation, including, but not limited to, through a contractual or statutory disciplinary process. Employees who select this option shall continue to be eligible for health insurance through September 5, 2022. Employees who comply with the health order and who seek to return from this leave, and so inform the DOE before September 5, 2022, shall have a right to return to same school as soon as is practicable but in no case more than two (2) weeks following notice to the DOE. Existing rules regarding notice of leave intention and rights to apply for other leaves still apply. Employees who have not returned by September 5, 2022, shall be deemed to have voluntarily resigned.

Id.

8

Here, though Plaintiff has not brought a CPLR 7511 proceeding to vacate the decision, because she was not a party to the arbitration that resulted in that award, she may not challenge it. See O'Reilly v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 213 A.D.3d 560, 565 (1st Dept. 2023) (Petitioner lacked standing to challenge the same impact arbitration award because "[w]hen a union represents employees during arbitration, only that union – not individual employees – may seek to vacate the resulting award"); Clarke v. Bd. of Educ. of the City Sch. Dist. of the City of New York, 213 A.D.3d 548, 550 (1st Dept. 2023) ("petitioners, who were not parties to the arbitration, cannot challenge the Impact Award…"). Because Plaintiff cannot challenge the award itself, she cannot challenge the particulars of the waiver which were set by the terms of the award.

DOE provided good and valuable consideration to Plaintiff in exchange for her release of all legal claims and promise not to commence legal proceedings against the DOE or the released parties[3]. The DOE: (1) extended Petitioner's LWOP period through September 6, 2022, giving her additional time to comply with the Vaccine Mandate; and, (2) continued to provide health benefits to Plaintiff for more than ten months, through September 6, 2022. Ratification waives any challenge a party may have to the validity of an agreement. See, e.g., Forman v. Forman, 211 A.D.3d 698, 700 (2d Dept. 2022) ("[a] party who 'accepts the benefits provided under a[n] agreement for any considerable period of time' is deemed to have ratified the agreement and thus, 'relinquishes the right to challenge the agreement'") (quoting Rio v. Rio, 110 A.D.3d 1051,1054 (2d Dept. 2013)). By accepting the benefits of this agreement, Plaintiff ratified the agreement and

---

[3] "Released parties" include the DOE and "any of its present or former employees or agents." *See* Martin Decl. Ex. A.

9

fully released Defendant from the meritless claims she has asserted in her Complaint, commenced many months after she received the benefit of the bargain.

Moreover, this particular Waiver has been upheld as lawful and "ironclad" in proceedings where former DOE employees brought similar claims against the DOE after having signed identical waivers. In Sullivan v. DOE, Justice Arlene P. Bluth of the New York County Supreme Court held that "the waiver unambiguously provides that if [the] petitioner agreed to accept certain benefits she would be deemed to have voluntarily resigned by September 6, 2022," and that, "the waiver prohibited [the petitioner] from bringing this petition." See Sullivan v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 2023 N.Y. Misc. LEXIS 2468, *4-5 (Sup. Ct. N.Y. Cnty, May 17, 2023). Similarly, in Mlynarski v. DOE, Justice Schlomo S. Hagler, also of the New York County Supreme Court, in dismissing the petitioner's request to enjoin the DOE from terminating her employment for failing to demonstrate COVID-19 vaccination, noted that, "[i]t's clear and unambiguous that [the petitioner] voluntarily resigned, waived any of her rights to challenge the resignation. The waiver is ironclad." See Transcript of Proceedings in Mlynarski v. The Dep't of Educ. of the City of New York, Index No. 157525/2022, dated October 7, 2022, annexed to the Martin Decl. as Exh. D. The same reasoning applies here. Because Plaintiff signed a waiver releasing Defendants from all claims, her claims herein are barred and the Amended Complaint must be dismissed. See Halkias v. New York City Dep't of Educ., Index No. 700285/2023, 2024 N.Y. Misc. LEXIS 19381 (Sup. Ct., Queens Cnty. Aug. 2, 2024) (petitioner's electronic signature on the waiver form was valid and enforceable).

Accordingly, Plaintiff's claims must be dismissed because they are barred in their entirety by Plaintiff's waiver of those claims.

10

**POINT II**

**PLAINTIFF'S CLAIMS ARE PRECLUDED BY
COLLATERAL ESTOPPEL**

Plaintiff is barred from re-asserting claims in this action by the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party …, whether or not the tribunals or causes of action are the same" See Ryan v. N.Y. Tel. Co., 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action. See id. "[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding" Id. at 501.

Under the doctrine of collateral estoppel, Plaintiff should not be allowed in this action to raise any of the issues she unsuccessfully litigated in her prior CPLR Article 78 proceeding. See Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 690 N.Y.S.2d 478, 712 N.E.2d 647 (1999); see also Golubovych v. Saks 5th Ave., Inc., 2024 U.S. Dist. LEXIS 162172, at *23 n. 6 (S.D.N.Y. Sept. 10, 2024)(noting that collateral estoppel "may apply to discrimination claims previously litigated in a proceeding under Article 78").

Here, the dispositive factual and legal issues in Plaintiff's claims of her deprivation of her constitutional rights under 42 U.S.C. §1983 applying the First Amendment and Fourteenth Amendments are identical to Plaintiff's prior allegations that her termination for failing to comply with the Vaccine Mandate was arbitrary, capricious, and contrary to law. This exact issue was

11

decided against Plaintiff in the prior proceeding and Plaintiff is barred from making those same allegations here. See Miraglia v. N.Y.C. Dept. of Educ., Index No. 85062/2024, Petition, NYSCEF Dkt No. 1 at 46-51; see also id. at NYSCEF Dkt Nos. 80-83. See Kola v. City of N.Y., 2026 NY Slip Op 00194, 1 (App. Div. 1st Dept.) (A prior decision denying CPLR article 78 relief bars a subsequent plenary action where, as here, the same issues were raised, fully litigated, and necessarily decided.); see also Rosenthal v. Roosevelt Island Operating Corp., 2023 NY Slip Op 06103, 221 A.D.3d 551, 200 N.Y.S.3d 341 (App. Div. 1st Dept.); Matter of Khan v. N.Y.C. Health & Hosps. Corp., 2016 NY Slip Op 08010, 144 A.D.3d 600, 43 N.Y.S.3d 271 (App. Div. 1st Dept.).

Accordingly, Plaintiff's claim that her First and Fourteenth Amendment rights were violated must be dismissed pursuant to the doctrine of collateral estoppel.

## POINT III

### ANY CLAIMS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS MUST BE DISMISSED

All claims against Aviles-Ramos and Rodi must be dismissed. Aviles-Ramos and Rodi are named both individually and in their official capacity; however, the Complaint contains no allegations of their personal involvement in the conduct at issue. Absent such allegations, the individual capacity claims cannot stand. See Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995). Moreover, the official capacity claims against Aviles-Ramos and Rodi are duplicative of the claims asserted against the DOE, which is already named as a defendant. See Montgomery v. Orange Cnty., No. 25-180, 2025 WL 2924978, at *1 (2d Cir. Oct. 15, 2025); Lore v. City of Syracuse, 670 F.3d 127, 168 (2d Cir. 2012. Accordingly, the claims against Aviles-Ramos and Rodi should be dismissed in their entirety.

12

**POINT IV**

**PLAINTIFF'S CLAIMS ARE TIME-BARRED**

Plaintiff's claims are time-barred and should be dismissed. Under 42 U.S.C. § 1983, Plaintiff had three years commence this suit. Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573 (1989). Plaintiff predicates her federal claims on the respective denials of her reasonable accommodation requests and subsequent termination. See Am. Compl. ¶¶ 23, 27, 31. As such, the statute of limitations to challenge these determinations was triggered on the DOE's final denial of Plaintiff's appeal of her reasonable accommodation request. See Blair v. L.I. Child & Family Dev. Servs., 2017 U.S. Dist. LEXIS 14177, at *38 (E.D.N.Y. Jan. 31, 2017) (dismissing Plaintiff's reasonable accommodation claim as time-barred because the statute of limitations started running the day their employer rejected their request).

Here, the DOE issued a final denial on Plaintiff's RA Request on February 15, 2022. Am. Compl. ¶ 27. Thus, to bring any federal claims against Defendants predicated on the denials of her RA Requests, Plaintiff was required to bring her claims no later than February 15, 2025. Plaintiff commenced this action on March 26, 2025, an entire month after the statute of limitations had expired. As such, all of Plaintiff's claims are time-barred and the Amended Complaint must be dismissed accordingly.

**POINT V**

**PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST AMENDMENT/FREE EXERCISE CLAUSE**

Even if Plaintiff's claims were not procedurally defective, the Amended Complaint should still be dismissed on the merits because it fails to state a claim. The Amended Complaint alleges that "as a result of defendant's actions…plaintiff has been, and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983…applying the first amendment rights of the U.S.

Constitution." Am. Compl. ¶ 86. "In order to prevail on a Free Exercise Clause claim, a plaintiff must establish that the object of the challenged law is to infringe upon or restrict practices because of their religious motivation, or that its purpose is the suppression of religion or religious conduct. It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)).

The Second Circuit Court of Appeals has found the Vaccine Mandate to be constitutional on its face, and that "in all its iterations, [] neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). The Vaccine Mandate applied equally to all City employees. Lopes v. City of N.Y., No. 22-CV-08271-LTS, 2024 U.S. Dist. LEXIS 154150 (S.D.N.Y. Aug. 27, 2024).  As such, the relevant inquiry is whether there is a rational basis for the enforcement of the Vaccine Mandate. That hurdle is easily met. See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021).; see also Coughlin v. N.Y. State Unified Ct. Sys., 2023 U.S. Dist. LEXIS 192576, at *12 (E.D.N.Y. 2023). Because Plaintiff has failed to demonstrate that the Vaccine Mandate is a violation of the Free Exercise Clause, Plaintiff's First Amendment claim must be dismissed.

## POINT VI

### PLAINTIFF FAILS TO STATE A SELECTIVE ENFORCEMENT OR EQUAL PROTECTION CLAIM

Plaintiff alleges Defendants unlawfully deprived her of her right to Equal Protection guaranteed by the Fourteenth Amendment based upon her medical condition and religious beliefs. Am Compl. ¶ 80.  To succeed on a selective enforcement claim, Plaintiff must plead facts that

14

establish: (1) she was treated differently than a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Hu v. City of New York, 927 F.3d 81, 93 (2d Cir. 2019). Plaintiff "must identify a similarly situated comparator and […] must show that compared with others similarly situated, he or she was treated differently." Bar-Levy v. Gerow, No. 18-CV-9454 (NSR), 2020 U.S. Dist. LEXIS 28596, *13 (S.D.N.Y. 2020).

Here, Plaintiff fails to identify a single comparator or minimally allege that she was treated differently than another similarly-situated individual who was not placed on LWOP. Picinich v. N.Y.C. Dep't of Educ., No. 16-CV-844 (CBA) (LB), 2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. July 11, 2018). Instead, Plaintiff's Amended Complaint merely alleges, without factual support, that Defendants "selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment." Am. Compl. ¶ 76. Such conclusory allegations of selective treatment are insufficient to survive a motion to dismiss. See D.F. ex rel. Finkle v. Bd. of Educ. of Syosset Cent. Sch. Dist., 386 F. Supp. 2d 119, 128 (E.D.N.Y. 2005), aff'd sub nom. D.F. v. Bd. of Educ. of Syosset Cent. Sch. Dist., 180 F. App'x 232 (2d Cir. 2006) (citing Albert v. Carovano, 851 F.2d 561, 572-574 (2d Cir. 1988)); see also Bishop v. Best Buy, Co., No. 08-CV-8427, 2010 U.S. Dist. LEXIS 110631, at *11 (S.D.N.Y. Oct. 31, 2010) (dismissing plaintiff's equal protection claim because he failed to allege any similarly situated individuals who were treated differently).

Moreover, Plaintiff's Equal Protection claim fails simply because it mirrors her Free Exercise claim. See Lopes v. City of N.Y., No. 22-CV-08271-LTS, 2024 U.S. Dist. LEXIS 154150, at *10 (S.D.N.Y. Aug. 27, 2024). As the Second Circuit stated in Kane, "[w]hen a free

15

exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review. . . . Plaintiffs' Equal Protection Clause challenge to the [Vaccine] Mandate fares no better than their First Amendment challenge." Kane v. De Blasio, 19 F.4th 152, 167 n.14 (2d Cir. 2021).

Thus, Plaintiff fails to sufficiently plead a selective enforcement claim and her claim must be dismissed accordingly.

### POINT VII

### PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM

Plaintiff alleges that she was maliciously terminated in bad faith and permanently stigmatized by being placed on the Ineligible/Inquiry or "no hire" Problem Code List, violating her due process rights under the Fourteenth Amendment. Am. Compl. ¶ 72. The liberty interests as embodied in the Due Process Clause of the Fourteenth Amendment encompass the freedom to "engage in the common occupations of life." See Bd of Regents v. Roth, 408 U.S. 564, 572 (1972) (quoting Meyer v. Nebraska, 262 U.S. 390, 399 (1923)). This freedom, however, is not unfettered and the protections granted under the Due Process Clause are not unlimited. See Jacobson v. Massachusetts, 197 U.S. 11 (1905) (holding that mandatory vaccination is within the State's police power). As a general matter, the Second Circuit reaffirmed the continuing vitality of Jacobson in Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015), wherein it held that New York's requirement that all children be vaccinated in order to attend public school did not violate substantive due process rights because the vaccinations were within the State's police power, and individual liberties did not overcome its judgment that such vaccination was in the interest of the population as a whole. "Plaintiffs' substantive due process challenge to the mandatory vaccination regime is therefore no more compelling than Jacobson's was more than a century ago." Phillips,

775 F.3d at 542; see also Doe v. Zucker, 520 F. Supp. 3d 218, 252 (N.D.N.Y. 2021) (rejecting plaintiff's claim that New York State's medical exemptions to mandatory school immunization requirements violated substantive due process rights); see also C.F. v. N.Y.C. Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 72 (2d Dept. 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the New York State Constitution or the Fourteenth Amendment).

More specifically, courts in New York have recently held that the Vaccine Mandate applicable to DOE employees was constitutional and did not implicate a substantive due process right. See Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39 (E.D.N.Y. 2021); see also N.Y.C. Mun. Labor Comm. v. City of N.Y., 73 Misc. 3d 621, 622 (Sup. Ct. NY Cnty. 2021). These recent decisions, together with a century's worth of federal jurisprudence, demonstrate that the City may mandate vaccinations without violating the due process rights secured by the Constitution. Plaintiff offers no legal authority to the contrary. Given the voluminous case law in support of dismissal, Plaintiff's due process claim must be dismissed.

## POINT VIII

### PLAINTIFF FAILS TO STATE A "STIGMA-PLUS" DUE PROCESS CLAIM

To the extent Plaintiff asserts that she was deprived of a liberty interest in her reputation without due process - otherwise known as a "stigma-plus" claim - she fails to do so. To state a claim of stigma plus, a plaintiff must allege: (1) that defendants made false and stigmatizing statements about her; (2) the stigmatizing statements were made public; and (3) a tangible and material state-imposed burden in close temporal proximity to the stigmatizing statement. Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010); Segal v. City of New York, 459 F.3d 207, 212-213 (2d Cir. 2006). To demonstrate *stigma*, a plaintiff must show that "the government made stigmatizing

17

statements about her," which statements either "call into question the plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." Id. at 76.

## A.     Defendants' Statements Were Neither False Nor Stigmatizing

First, Plaintiff fails to establish a cognizable stigma plus claim because none of the statements made by Defendants were sufficiently "stigmatizing" to Plaintiff's reputation, honor, or integrity.   The Supreme Court has noted that constitutionally damaging information is that which charges a petitioner with dishonesty or immorality, that which harms a person's reputation, honor, or integrity.  See Board of Regents v. Roth, 408 U.S. 564 (1972).  Courts routinely look to New York state defamation law to evaluate the "stigma" portion of a stigma plus claim.  See Sharpe v. City of New York, 2013 U.S. Dist. LEXIS 75094 at *6 n. 10 (E.D.N.Y. May 29, 2013), aff'd, 560 F. App'x 78 (2d Cir. 2014); Pisani v. Westchester County Health Care Corp., 424 F. Supp. 2d 710, 718 (S.D.N.Y. 2006) ("Establishing defamation in the § 1983 context is no different than under New York State law").

The New York Court of Appeals has defined defamation as "[m]aking a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion or disgrace."  Thomas H. v. Paul B., 18 N.Y.3d 580, 584 (2012).  Statements that "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession" satisfy the stigma requirement.  Segal, 459 F.3d at 212 (quoting Donato v. Plainview-Old Bethpage Sch. Dist., 96 F.3d 623, 630-31 (2d Cir. 1996)).  However, "[s]tatement[s] that an employee poorly performed [his] duties or acted in an improper manner, or that describe behavior or actions that are within the employee's power to correct, do not generally qualify as stigma for

18

constitutional purposes." Adams v. N.Y. State Educ. Dep't, 752 F. Supp. 2d 420, 449 (S.D.N.Y. 2010) (quotations and citations omitted).

Here, Plaintiff alleges she has been "stigmatized without a name-clearing hearing on the matter." See Compl. ¶ 49. As set forth above, the Vaccine Mandate did not violate procedural due process; thus, Plaintiff's claim fails at the outset. Nevertheless, to the extent that there ever was a problem code on a DOE file, which Defendants deny, any such code would have indicated only that Plaintiff was not vaccinated in accordance with the Mandate, which, as Plaintiff concedes, is entirely true. Id. ¶11. Accordingly, Plaintiff cannot argue that the statement in question is false, and her stigma-plus claim fails for that reason alone.

## B.    Defendants' Statements Were Not Published

In asserting a § 1983 liberty interest claim, a plaintiff must demonstrate that the alleged defamatory statement was sufficiently public to create or threaten a stigma. See O'Connor v Pierson, 426 F.3d 187, 195-196 (2d Cir. 2005); Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623, 631-632 (2d Cir. 1996); see also Richardson v. Farina, 2017 U.S. Dist. LEXIS 26280, at *6 (S.D.N.Y. Feb. 23, 2017) (dismissing plaintiff's stigma-plus claim because plaintiff did not adequately allege that any potentially stigmatizing statement was disseminated publicly).

Here, Plaintiff fails to plead any facts demonstrating that any alleged problem code was made public and placed Plaintiff on a "no hire" list. Id. ¶¶ 3, 33, 38, 65, 72. In fact, Plaintiff relies on nothing other than conclusory allegations and hearsay. Notably, Plaintiff does not allege that her fingerprints were shared with any such outside party, and makes only baseless, conclusory claims that such is the case. And conclusory claims do not suffice, even at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

19

Furthermore, Courts in this circuit have held that allegations regarding placement in DOE's problem code database, even without a "name-clearing hearing," are insufficient to state a stigma plus claim where no statement about the Plaintiff was published outside of the agency. See Green v. Dept. of Educ., No. 18-CV-10817 (AT), 2019 U.S. Dist. LEXIS 127545 at *33 (S.D.N.Y. 2019) (dismissing plaintiff's stigma plus claim where plaintiff was flagged with a "no hire code" and placed on the "Problem Code" or "Ineligible Inquiry List"). Here, the Complaint is devoid of any factual allegations that Defendants shared any information regarding Plaintiff outside of DOE. Thus, Plaintiff cannot plausibly claim that Defendant's records threatened her reputation if they were never made public. See Fugelsang v. Dep't of Educ. of N.Y.C., No. 23-CV-8332 (LDH), 2025 U.S. Dist. LEXIS 61440, *21-22 (E.D.N.Y. Mar. 31, 2025) (dismissing stigma plus claim because there are no allegations to suggest that Plaintiff's placement in the problem code was made public outside of the DOE).

Accordingly, Plaintiff's stigma plus claim also must be dismissed because Plaintiff fails to allege that DOE published any alleged defamatory statements about her.

POINT IX

**PLAINTIFF'S CLAIMS UNDER STATE LAW FAIL**

To the extent that Plaintiff appears to allege that Defendants violated New York Education Law §§ 3020 and 3020-a by placing her on unpaid leave without a hearing (Am. Compl. ¶¶ 81-88), this argument has already been squarely rejected by the Second Circuit. Broecker, 2023 U.S. App. LEXIS 30076 at *7–8 (argument that plaintiff's due process rights were violated by being placed on LWOP without a § 3020 hearing "at best challenges the results of the arbitration and the sufficiency under state law of the procedures it established to implement the Vaccine Mandate, which does not by itself state a federal claim"). Even if the alleged lack of a § 3020 hearing could

20

serve as a basis for a § 1983 claim, New York State courts have already determined that DOE employees who failed to comply with the Vaccine Mandate could be placed on LWOP without receiving such a hearing. See O'Reilly v. Bd. of Educ., 42 N.Y.3d 986, 990 (2024).

Ultimately, Plaintiff's placement on LWOP was due to her own failure to comply with the Vaccine Mandate, a lawful job condition, which she freely admits in the Complaint. See Am. Compl. ¶ 19; see also Broecker 585 F. Supp. 3d at 314. Accordingly, Plaintiff's claim that she was entitled to a hearing under N.Y. Education Law Section 3020 fails is baseless and must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint, together with any further relief the Court deems just and proper.

Dated: New York, New York
       March 27, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, 2-111
New York, New York 10007
(212) 356-3549

By:    */s/ Andrea Martin*
       Andrea M. Martin
       Assistant Corporation Counsel

## **CERTIFICATION**

In accordance with Local Civil Rule 7.1 (c) of the Local Rules Of The United States District Courts For the Southern and Eastern Districts Of New York, the undersigned certifies that the word count in this memorandum of law (excluding the caption, table of contents, table of authorities, signature block, and this certification), as established using the word count on the word-processing system used to prepare it, is 6,546  words.

Dated:          New York, New York
                March 27, 2026


                              Respectfully submitted,


                      By:          /s/
                                   Andrea M. Martin
                                   Assistant Corporation Counsel